UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Besht Realty LLC as assignee of Lakeview Apartments, LLC and/or Frederick Lakeview LLP, | ) ) ) ) | CASE NO: 1:21-CV-00746 |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| Voyager Indemnity Insurance Company, et al., | ) ) ) ) | **MOTION TO DISMISS OF DEFENDANT AMWINS ACCESS INSURANCE SERVICES, LLC** |
| Defendants. | ) ) | |

Defendant AmWINS Access Insurance Services, LLC ("AmWINS") respectfully moves the Court pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the Complaint for failure to state a claim upon which relief can be granted.

AmWINS respectfully submits the attached Brief in support of this Motion to Dismiss.

Respectfully submitted,

*/s/ Steven G. Janik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
Email:  Steven.Janik@Janiklaw.com
Crystal.Maluchnik@Janiklaw.com

*Attorneys for Defendant AmWINS Access Insurance Services*

1

864004

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Besht Realty LLC as assignee of Lakeview Apartments, LLC and/or Frederick Lakeview LLP, | ) ) ) ) | CASE NO: 1:21-CV-00746 |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| Voyager Indemnity Insurance Company, et al., | ) ) ) ) | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT AMWINS ACCESS INSURANCE SERVICES, LLC** |
| Defendants. | ) | |

Defendant AmWINS Access Insurance Services, LLC ("AmWINS") respectfully submits this Brief in support of its Motion to Dismiss.

## I. INTRODUCTION

On February 24, 2021, Plaintiffs filed their Complaint in the Court of Common Pleas for Lorain County, Ohio. On April 7, 2021, AmWINS removed this case to the United States District Court for the Northern District of Ohio.

Plaintiffs name AmWINS as a defendant in the caption of the Complaint, but in the body of the Complaint specifically alleges that Plaintiffs' claims are "against defendant Voyager Indemnity Insurance Company, ISO Commercial Risk Services, Inc., and ISO Properties, Inc., (collectively, 'Insurance Defendants')." AmWINS is not one of the "Insurance Defendants", and Plaintiffs have not made any independent allegations against AmWINS. As such, the Complaint is virtually devoid of any allegations of any kind or nature against AmWINS, and therefore should be dismissed for failure to state a claim upon which relief can be granted.

864004

## II. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Under Rule 8(a), Fed. R. Civ. P., Plaintiffs' Complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief." In this regard, "where a complaint alleges no specific act or conduct on the part of a defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Miller v. Roberts*, No. 2:09-CV-00240, 2010 WL 11639751, at *2 (S.D. Ohio Jan. 11, 2010) (quoting *Smith v. Daley*, 1991 WL 18428 [N.D. Ill, Jan. 31, 1991]). The rationale for this conclusion is simple and straight forward: the caption identifies the case; the allegations identify the defendants to the case. *Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962); *accord Miller*, 2010 WL 11639751 at *3. Thus, where a complaint makes no allegations against a defendant, it fails to state a claim upon which relief can be granted as to such defendant.

Here, like in *Miller,* the Complaint is silent as to AmWINS, except for naming it as a Defendant in the caption. In contrast, Plaintiffs not only specifically allege claims "against defendant Voyager Indemnity Insurance Company, ISO Commercial Risk Services, Inc., and ISO Properties, Inc. (collectively, 'Insurance Defendants')", but also seek relief solely and exclusively from the "Insurance Defendants". Thus, Plaintiffs fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009), as they have plead no factual content that "allows the court to draw the reasonable inference that [AmWINS] is liable for the misconduct alleged." *Ashcroft*, at 678, 129 S. Ct. at 1949 (citing *Twombly*, at 556, 127 S. Ct. at 1964.). Plaintiffs Complaint should therefore be dismissed.

### III. CONCLUSION

For the reasons set forth, Defendant AmWINS Access Insurance Services, LLC respectfully moves the Court, pursuant to Rule 12 (b)(6), Fed. R. Civ. P., to dismiss the Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Steven G. Janik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
Email:  Steven.Janik@Janiklaw.com
            Crystal.Maluchnik@Janiklaw.com

Mail:  Janik L.L.P.
P.O. Box 470550
Cleveland, Ohio  44147

*Attorneys for Defendant AmWINS Access Insurance Services*

864004

## CERTIFICATE OF SERVICE

I hereby certify that the 10th day of May, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy was served via regular U.S. Mail, postage prepaid, upon the following:

ISO Commercial Risk Services, Inc.
11222 Quail Roost Drive
Miami, FL  33157-6596
*Defendant*

ISO Properties, Inc.
11222 Quail Roost Drive
Miami, FL  33157-6596
*Defendant*

    */s/ Steven G. Janik*
One of the Attorneys for Defendant AmWINS Access Insurance Services, LLC

## CERTIFICATION PURSUANT TO
## LOCAL RULE OF CIVIL PROCEDURE 7.1(f)

Defendant AmWINS Access Insurance Services, LLC and undersigned counsel respectfully certify that no Case Management Conference has been held to date, and that pursuant to Local Rule 7.1(f) the Brief In Support of Defendant AmWINS' Motion to Dismiss adheres to the limitation of 20 pages for dispositive motions in standard cases.

DATE: May 10, 2021

    */s/ Steven G. Janik*
One of the Attorneys for Defendant AmWINS Access Insurance Services, LLC

864004