## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BESHT REALTY, LLC, | ) | CASE NO. 1:21-cv—746 |
| | ) | |
| Plaintiff, | ) | JUDGE AARON POLSTER |
| | ) | |
| | ) | Magistrate Judge William H. |
| | ) | Baughman, Jr |
| vs. | ) | |
| | ) | **BRIEF IN OPPOSITION TO:** |
| VOYAGE INDEMNITY INSURANCE | ) | ***MOTION TO DISMISS OF DEFENDANT*** |
| COMPANY, et al. | ) | ***AMWINS ACCESS INSURANCE*** |
| | ) | ***SERVICES, LLC*** |
| Defendants. | ) | |

Now comes Plaintiff Besht Realty LLC ("Plaintiff"), and hereby respectfully submits Plaintiff's brief in opposition to the *Motion to Dismiss of Defendant Amwins Access Insurance Services, LLC* (the "Motion to Dismiss") filed by defendant Amwins Access Insurance Services, LLC ("Defendant Amwins").   The Motion to Dismiss needs to be summarily overruled for the following reasons.

I.    **Introduction**.

As this Court is surely aware, this is a removed case from the Lorain County Common Pleas Court, where it was originally filed on February 24, 2021.   The sole basis for removal was diversity of

1

citizenship.   It is the good fair belief of the undersigned that the primary reason for such removal is the ongoing post-*Twombly*[1] tactic to seek dismissal of complaints based upon an unfounded claim that the complaint at issue does not place the defendants on sufficient notice by which to defend the claim.   This is the primary reason that this Court is bothered with what could easily be just state law claims in Lorain County Common Pleas Court.

## II.  __Fed.Civ.R. 12 Pleading Requirements__.

As recently set forth in <u>Victor v. Reynolds</u>, 2021 U.S. Dist. LEXIS 95574 (May 20, 2021):

> "A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court **construes the pleading in the non-movant's favor** and accepts the **allegations of facts** therein as true. See *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need ***not provide*** "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted)."

The Sixth Circuit has consistently held that in reviewing a

---

[1]   See <u>Bell Atl. Corp. V. Twombly</u>, 550 US 544, 127 S.Ct. 1955 (2007) and <u>Ashcroft v. Iqbal</u>, 556 US 662, 129 S.Ct. 1937 (2009).

complaint and a motion to dismiss, the Court must construe the pleading in the light most favorable to the plaintiff. See <u>Bibbo v. Dean Witter Reynolds, Inc.</u>, 151 F.3d 559, 561 (6th Cir. 1998).

Further, as very recently stated by the Sixth Circuit in <u>Butler v. Ferguson Enters.</u>, 2021 U.S. App. LEXIS 13825 (May 10, 2021), the context of a Twombly-based motion to dismiss:

> This court reviews de novo a district court's dismissal of a complaint under Rule 12(b)(6). *Giasson Aerospace Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 338 (6th Cir. 2017). We accept the truth of [the plaintiff's] well-pleaded factual allegations and will "affirm the district court's grant of the motion only if the moving party is entitled to judgment as a matter of law." *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw **the reasonable inference** that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). We must construe the complaint **in the light most favorable to** [the plaintiff] and draw all reasonable inferences in his favor. <u>Jones v. City of Cincinnati</u>, 521 F.3d 555, 559 (6th Cir. 2008).

## III. <u>The complaint filed in Lorain County Common Pleas Court</u>.

The allegation in the Motion to Dismiss that Defendant Amwins cannot understand the claims against it is difficult to digest in good faith. The very plausible allegations against Defendant Amwins have to do with the breach of fiduciary duty and/or negligence claims in Defendant Amwins securing an insurance policy

that under-insured the Plaintiff for the storm damage.  The relevant well-plead paragraphs/portions of the complaint are as follows:

In the factual introduction (paragraphs 1 through 5) portion of the complaint the Plaintiffs allege that

1. Plaintiffs are insured by Insurance Defendants (the Insurance company defendants) pursuant to a written insurance policy dated June 22, 2018 and all premiums for said coverage were timely paid.
2. A copy of the written policy (the "Policy") is too large to attach hereto pursuant to Ohio Civ.R.10, but the Insurance Defendants have a copy of the Policy.
3. On February 24, 2019, there was a severe wind storm that causes serious wind damage to the commercial buildings covered by the Policy.
4. Plaintiffs have presented a claim for the wind damage, but Insurance Defendants either created or procured a deficient policy and/or refused to pay the claim, despite the fact that the Insurance Defendants charged a premium to insure the buildings and despite the fact that the premium was paid.
5. Plaintiffs presented a claim for the repair of the buildings, but Insurance Defendants either created or procured a deficient policy and/or refused to pay the claim.

In the bad faith allegations made against the Insurance Defendants (Count I - paragraphs 6 through 12), the Plaintiff lays out the allegations concerning the Insurance Defendants handling of the storm claim:

6. Plaintiffs incorporate all paragraphs of this pleading.
7. All premium payments were timely paid to Insurance Defendants.
8. No lapse or waiver of coverage issues arose during the policy period.
9. Insurance Defendants have an duty and affirmative obligation under Ohio law to procure sufficient coverage and/or engage in a good faith analysis of coverage and compensation issues.
10. Insurance Defendants have breached said duties in the failure to procure sufficient coverage and/or refusal to provide coverage and compensation to Plaintiffs for the claim submitted.
11. The loss/claim evaluation by Insurance Defendants was done in bad faith.
12. The breach of said duty is the proximate cause of damages to the Plaintiffs, including

but not limited to the cost of repair to the buildings and attorney fees and costs.

In the breach of fiduciary duty claims against Defendant Amwins (Cont II - paragraphs 13 through 15), the Plaintiff lays out the allegations concerning how Defendant Amwins, as the insurance broker that procured the policy, failed to adhere to the fiduciary duty created under Ohio law to secure proper coverage:

13. Plaintiffs incorporate by reference all of the paragraphs of this pleading as if fully rewritten herein.

14. As agents and/or insurance companies selling and procuring insurance in the State of Ohio, Insurance Defendants have a fiduciary duty to insureds and/or Plaintiffs' assignors/assignees to secure the proper insurance for the buildings, including obtaining all information and/or proper identifying information for insuring the buildings and the proper policy for the buildings.

15. The failure to secure the proper insurance policy for the buildings has caused monetary damages to the Plaintiffs, including the losses set forth above, and other damages which will be marshaled by the Plaintiffs according to trial orders and deadlines established by this Court.

In the negligence claims against Defendant Amwins (Cont III - paragraphs 16 through 19), the Plaintiff again lays out the allegations concerning how Defendant Amwins, as the insurance broker that procured the policy, negligently procured an insurance policy that did not cover the storm loss:

16. Plaintiffs incorporate by reference all of the paragraphs of this pleading as if fully rewritten herein.

17. Insurance Defendants had a duty to secure the proper and sufficient insurance for the buildings.

18. Insurance Defendants breached said duty by obtaining improper and/or insufficient insurance for the buildings.

19. Said breach is the proximate cause of the damages to the Plaintiffs as set forth above.

Page 5

It is clear under Ohio law that insurance brokers have a legal duty to provide sufficient and/or proper insurance for the intended insured, and they can be sued for breaching that legal duty.  See Damon's Missouri, Inc. v. Davis (1992), 63 Ohio St. 3d 605; Slovak v. Adams, 141 Ohio App.3d 838 (2001); Gerace-Flick v. Westfield Nat'l Ins. Co. 2002-Ohio-5222; Horak v. Nationwide Ins. Co., 2007-Ohio-3744; and Priore v. State Farm Fire & Cas. Co., 2014-Ohio-696. Further still, whether that duty was breached is always a question of fact which bars any dispositve motions on that issue.  See Gerace-Flick v. Westfield Nat'l Ins. Co., *supra*; and Priore v. State Farm Fire & Cas. Co.. *supra*.

Further, a fiduciary duty exists when both the parties to a normal financial transaction understand that there is a special trust or confidence has been reposed.  See Vinecourt Landscaping, Inc. V. Kleve, 2013-Ohio-5825; and Horak v. Nationwide Ins Co., 2007-Ohio-3744.  This can include situations involving a broker and the insured if the specific facts support it.  See Vincourt, *supra* and Horak, *supra*.

In that regard, there is little question that the Plaintiffs have (1) plead plausible and clearly recognized breach of fiduciary duty and negligence claims against an insurance broker and (2) placed Defendant Amwins on notice that the policy that was procured by Defendant Amwins was insufficient to cover expected losses such as the storm claim.  As stated above, it is difficult to imagine

that Defendant Amwins really has a good faith basis to claim that
it cannot understand or have sufficient notice of the claims at
issue.

**IV.   Conclusion**.

The complaint filed in Lorain County Common Pleas Court easily
passes the Twombly test and theories advanced by Defendant Amwins
in the Motion to Dismiss.  The complaint pleads more than enough
facts (including the storm facts and date of loss and the spcific
names of the insurance companies at issue) to place Defendant
Amwins on notice of claims.  The claims of negligence and breach of
fiduciary duty exist under Ohio law for situations like the one at
bar.

For all of the foregoing reasons, the Motion to Dismiss must
be overruled.


Respectfully submitted,


*s/Michael J. O'Shea*
LIPSON O'SHEA LEGAL GROUP
Michael J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
The Hoyt Block Building
700 West St. Clair Avenue - Suite 110
Cleveland, Ohio   44113
(216) 241-0011
(440) 331-5401 - fax
**Attorney for Plaintiff**
**Besht Realty, LLC.**


Page 7

## **PROOF OF SERVICE**

    I hereby certify that a true copy of the foregoing has been filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic system.

                         ***S/Michael J. O'Shea***
                         Michael J. O'Shea