# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Besht Realty LLC as assignee of Lakeview Apartments, LLC and/or Frederick Lakeview LLP,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | CASE NO: 1:21-CV-00746 |
| v. | ) ) ) | **Judge Dan Aaron Polster** |
| **Voyager Indemnity Insurance Company, et al.,** | ) ) ) | **OPINION AND ORDER** |
| **Defendants.** | ) ) ) | |

Before the Court is Defendant AmWINS Access Insurance Services, LLC's Motion to Dismiss for failure to state a claim. ECF Doc. 10. For the following reasons, Defendant's Motion is **GRANTED**.

## I. Procedural History

On April 7, 2021, Plaintiffs filed its Complaint against Voyager Indemnity Insurance Company, ISO Commercial Risk Services, Inc., and ISO Properties, Inc., (collectively, "Insurance Defendants"). Plaintiffs have asserted causes of action for bad faith, breach of fiduciary duty, and negligence in regard to the handling and procurement of insurance for wind damage under an insurance policy issued by Defendant Voyager Indemnity Insurance Company ("Voyager"). ECF Doc. 1-1. On May 10, 2021, Defendant AmWINS Access Insurance Services, LLC ("AmWINS" or the "Defendant") has moved pursuant to Fed R. Civ. P. 12(b)(6) to dismiss the claims of Plaintiffs Besht Realty LLC as assignee of Lakeview Apartments, LLC and/or Frederick

1

Lakeview LLP ("Plaintiffs") asserted in Plaintiffs' Complaint. ECF Doc. 10. Plaintiffs then filed an Opposition to AmWINS's Motion on May 21, 2021. ECF Doc. 12.

## II. Background

Plaintiffs are insured by the Insurance Defendants pursuant to a written insurance policy dated June 22, 2018 ("Insurance Policy"). ECF Doc. 1-1 at 1. Plaintiff alleges that all premiums were timely paid in accordance with the Insurance Policy. ECF Doc. 1-1 at 1. On February 24, 2019, a severe windstorm resulted in serious damage to the commercial buildings covered in the Insurance Policy. ECF Doc. 1-1 at 3. Plaintiffs then filed a claim with the Insurance Defendants for the wind damage and repairs. ECF Doc. 1-1 at 4-5. However, the Insurance Defendants "either created or procured a deficient policy and/or refused to pay the claim." ECF Doc. 1-1 at 4-5.

## III. Discussion

On a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Fed. R. Civ. P. 8(a)(2) requires Plaintiffs' Complaint to allege "a short and plain statement of a claim showing that the reader is entitled to relief, in order to give a defendant a fair notice of what the claim is and the grounds upon which it rests." *Id*. Additionally, as AmWINS has correctly pointed out, "where a complaint alleges no specific act or conduct on the part of a defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Miller v. Roberts*, No. 2:09-CV-00240, 2010 U.S. Dist. LEXIS 156097, at *6 (S.D. Ohio Jan. 11, 2010) (quoting *Smith v. Daley*, No. 89 C 1918, 1991 U.S. Dist. LEXIS 1219 (N.D. Ill, Jan. 31, 1991).

Plaintiffs have failed to name AmWINS in the Complaint except for naming it as a Defendant in the caption. Plaintiffs specifically allege claims "against defendant Voyager Indemnity Insurance Company, ISO Commercial Risk Services, Inc., and ISO Properties, Inc., (collectively, "Insurance Defendants")" and seek relief solely from the Insurance Defendants. While Plaintiffs have named AmWINS as a defendant in the caption of the Complaint, "that identification without an allegation of conduct by the defendant would be insufficient to maintain an action in federal court." *Shelton v. Mich. Turkey Producers Coop., Inc.*, No. 1:13-cv-441, 2014 U.S. Dist. LEXIS 124971, at *6 (W.D. Mich. Aug. 18, 2014) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Plaintiffs provides no justification or explanation for its failure to allege facts and claims against AmWINS in its opposition brief. Because Plaintiffs have not included any specific or independent allegations against AmWINS, the Court finds that Plaintiffs' Complaint has failed to provide factual allegations that "raise the claimed right to relief above the speculative level" and is "plausible on its face." *See Bell Atl. Corp.*, 550 U.S. at 570. Accordingly, the Court GRANTS AmWINS' motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6).

## IV. Conclusion

For the above reasons, AmWINS Access Insurance Services, LLC's Motion to Dismiss (ECF Doc. 10) is hereby **GRANTED**. Plaintiffs' bad faith, breach of fiduciary duty, and negligence claims with respect to AmWINS is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 10, 2021*
**Dan Aaron Polster**
**United States District Judge**